1  David L. Aronoff (State Bar No. 152606)
   daronoff@winston.com
2  Gayle I. Jenkins (State Bar No. 168962)
   gjenkins@winston.com
3  WINSTON & STRAWN LLP
   333 S. Grand Avenue, 38th Floor
4  Los Angeles, CA 90071-1543
   Telephone: (213) 615-1700
5  Facsimile: (213) 615-1750

6
   Attorneys for Plaintiff,
7  COR CLEARING, LLC

8

9                    **UNITED STATES DISTRICT COURT**

10                    **CENTRAL DISTRICT OF CALIFORNIA**

11

12  COR CLEARING, LLC, a limited    )   **Case No. _____**
    liability company,              )
13                                  )
              Plaintiff,            )   **COMPLAINT FOR DECLARATORY**
14                                  )   **AND INJUNCTIVE RELIEF**
                                    )
15       vs.                        )
                                    )
16                                  )
    LAURA B. LOBUE, an individual,  )
17                                  )
              Defendant.            )
18                                  )
                                    )
19                                  )
                                    )
20                                  )
21  _____ )

22

23

24

25

26

27

28

# COMPLAINT

Plaintiff COR Clearing, LLC ("Plaintiff" or "COR Clearing"), by its attorneys, for its Complaint against Defendant Laura B. LoBue ("Defendant"), alleges as follows:

## NATURE OF THIS ACTION

1. Plaintiff is a national securities clearing firm that provides clearing and administrative services to its customers. Plaintiff seeks declaratory relief and preliminary and permanent injunctions to preclude Defendant from pursuing an arbitration proceeding she has improperly filed against Plaintiff before the Financial Industry Regulatory Authority ("FINRA") styled *Laura B. LoBue v. Ameritas Investment Corp., COR Clearing, LLC and Merrill Lynch, Pierce, Fenner & Smith, Inc.,* FINRA Case No. 16-01074 (the "Arbitration").

2. Defendant should be enjoined from pursuing the Arbitration as there is no agreement to arbitrate between Plaintiff and Defendant. Defendant is not, and has never been, a customer of Plaintiff, and therefore Defendant has no basis to bring an arbitration proceeding before FINRA against Plaintiff.

## PARTIES

3. At all times alleged herein, Plaintiff COR Clearing, LLC is a Delaware limited liability company, with its principal place of business in Omaha, Nebraska. Plaintiff is a member of FINRA and a national clearing firm that does business with independent brokers across the country, including California. At all

times pertinent herein, Plaintiff also operated an equity trade execution desk that transacted only unsolicited trade orders on behalf of clients.

4. Plaintiff is informed and believes that Defendant Laura B. LoBue is and was a resident of the County of Riverside, State of California.

## JURISDICTION

5. This Court has original subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 because this action arises under the Federal Arbitration Act, 9 U.S.C. § 4.

6. Jurisdiction is also proper pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs. If forced to arbitrate claims that Plaintiff did not agree to arbitrate before FINRA, Plaintiff will incur significant legal fees and expenses in connection with defending itself against Defendant's claims, who seeks to recover losses totaling $900,000.

## VENUE

7. Venue is proper in this Court under 28 U.S.C. §§ 1391(a) and (c) because a substantial part of the events and omissions giving rise to the claim occurred in this district. Defendant brought the Arbitration in FINRA's West Regional Office, which is located in Los Angeles, California.

# FACTUAL BACKGROUND

## The Arbitration

8. On or about April 14, 2016, Defendant initiated the Arbitration with FINRA against Plaintiff and two other parties (Merrill Lynch, Pierce, Fenner & Smith, Inc. ("Merrill Lynch") and Ameritas Investment Corp. ("Ameritas"). COR Clearing was served with the Statement of Claim on April 29, 2016. COR Clearing's answer is due on June 15, 2016.

9. The Arbitration was initiated at, and is being administered through, FINRA's office in Los Angeles, California.

10. In the Statement of Claim, Defendant complains of trades made in her Merrill Lynch account by Defendant's investment advisor, Abida Khan, while Khan was still licensed with Ameritas. Defendant admits to having met with Edward Durante while he was operating under the name "Ted Wise, who is a recidivist securities law violator and barred from the securities industry and is thwarting the government's efforts to collect restitution relating to his prior conduct.

11. Defendant claims to have lost $900,000 from her investments handled by Khan. The Statement of Claim does not contain any allegations that Defendant was a customer of Plaintiff, nor do Plaintiff's records reflect that it ever had a customer by the name of Laura LoBue.

12. In the Arbitration, Defendant seeks to hold COR Clearing responsible for her alleged losses despite the fact that the Statement of Claim does not contain any allegations that Defendant was a customer of COR or that COR Clearing had anything to do with Plaintiff's investments. Rather, Defendant appears to allege "negligence" against Plaintiff based on a tenuous theory that trading of VGTel stock by others at COR Clearing affected Defendant's investment.

13. COR Clearing did not sign a written contract or customer agreement with Defendant. This is because Defendant did not have, and have never had, any accounts at COR Clearing, LLC.

**COR Clearing Has No Agreement or Obligation to Arbitrate with Defendants**

14. Defendant has no right to bring this Arbitration against COR Clearing under the FINRA Arbitration Code, which requires FINRA members to only arbitrate certain disputes. In the absence of a written arbitration agreement, FINRA Rule 12200 only requires members to arbitrate claims if the arbitration is requested by a "customer," the dispute is "between a customer and a member or associated person of a member," **_and_** the "dispute arises in connection with the business activities of the member of the associated period." Defendant does not qualify as a "customer" under FINRA Rule 12220 because she never had any accounts with Plaintiff.

**First Claim for Relief – Declaratory Judgment**
**(By Plaintiff Against Defendant)**

15. Plaintiff realleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

16. No agreement to arbitrate exists between COR Clearing and any Defendant.

17. Defendant seeks arbitration based on Rule 12200 of the FINRA Code of Arbitration by submitting her dispute to FINRA's Dispute Resolution system. However, in the absence of an agreement to arbitrate, Rule 12200 only requires arbitration if the arbitration is requested by a "customer," the dispute is "between a customer and a member or associated person of a member," **_and_** the "dispute arises in connection with the business activities of the member of the associated period."

18. Defendant is not now and has never been a "customer" of COR Clearing.

19. Accordingly, COR Clearing lacks any obligation to arbitrate any claims brought by Defendant.

20. Declaratory relief is appropriate because the dispute between the parties is definite and concrete, affecting the parties' adverse legal interests with immediacy.

21. COR Clearing therefore, requests a declaratory judgment from this Court that COR Clearing has no obligation to arbitrate Defendant's claims pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201.

### Second Claim for Relief – Injunctive Relief
### (By Plaintiff Against Defendant)

22. Plaintiff realleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

23. COR Clearing will suffer immediate and irreparable harm if it is compelled to arbitrate claims that it did not agree to arbitrate.

24. COR Clearing has a likelihood of success on the merits. COR Clearing has no obligation to arbitrate with Defendant based on the claim asserted against Plaintiff in the FINRA Arbitration. There is no applicable agreement to arbitrate between COR Clearing and Defendant. Defendant is not a "customer" of COR Clearing as required by FINRA Rule 12200.

25. COR Clearing has no adequate remedy at law.

26. COR Clearing is entitled to preliminary and permanent injunctive relief enjoining Defendant from further proceedings against COR in the arbitration.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff COR Clearing demands judgment as follows:

A.     Entry of a declaratory judgment that COR Clearing has no obligation to arbitrate the claims asserted by Defendant in the FINRA Arbitration;

B.     Entry of orders preliminarily and permanently enjoining Defendant from further proceedings against COR Clearing in the FINRA Arbitration; and

C.     Granting COR Clearing any other and further relief as the Court may deem just and proper.

Respectfully submitted,

WINSTON & STRAWN LLP

Dated: May 4, 2016          By:     /s/ Gayle I. Jenkins
                                    David L. Aronoff
                                    Gayle I. Jenkins

                                    Attorneys for Plaintiff COR Clearing, LLC